Minute Order Form (06/97)

5 5 4

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Martin C. Ashman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 7362 | **DATE** | 3/14/2001 |
| **CASE TITLE** | In Re: Nextlevel Systems, Inc., Securities Litigation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter order and final judgment. Settlement fairness hearing held. Plaintiffs' motion for final approval of class action settlement and fee application is granted. This case is hereby dismissed with prejudice and without costs, except as provided in the stipulation.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 5 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 1 5 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | IS docketing deputy initials | 101 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 3/14/2001 date mailed notice | |
| IS courtroom deputy's initials | | Date/time received in central Clerk's Office | IS mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re NEXTLEVEL SYSTEMS, INC. SECURITIES LITIGATION | Master File No. 97 C 7362 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Magistrate Judge Martin C. Ashman |

DOCKETED MAR 1 5 2001

## ORDER AND FINAL JUDGMENT

On this 14th day of March, 2001, a hearing having been held before this Court to determine:[1] (1) whether the Litigation should be finally certified as a class action pursuant to Rule 23 (a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class as defined in this Court's Preliminary Approval Order In Connection With Settlement Proceedings dated November 15, 2000 (the "Preliminary Approval Order"); (2) whether the terms and conditions of the Stipulation and Agreement of Settlement, dated November 10, 2000 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against the Defendants in the Complaint now pending in this Court under the above caption and should be approved; (3) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants as against all Persons or entities who are Members of the Settlement Class certified in the Preliminary Approval Order and who have not requested exclusion therefrom; (4) whether to approve the Plan of Allocation; and (5) whether and in what amount to award counsel for plaintiffs, and the Settlement Class, fees and reimbursement of expenses. The

---

[1] All capitalized terms used herein shall have the same meaning as set forth in the Stipulation of Settlement.

101

Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all Persons or entities reasonably identifiable, who purchased or otherwise acquired shares of the outstanding common stock of NextLevel Systems, Inc. ("NextLevel" or the "Company") on the open market during the Class Period, except those Persons or entities excluded from the definition of the Settlement Class, as shown by the records of NextLevel at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in <u>The Wall Street Journal</u> pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Litigation satisfies the applicable prerequisites for class action treatment under Fed.R.Civ.P. 23(a) and (b). The Settlement Class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the Settlement Class, the claims of the class representatives are typical of the claims of the Settlement Class and the class representatives will fairly and adequately protect the interests of the Settlement Class. Questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2. The Litigation is hereby finally certified as a class action on behalf of a Settlement Class consisting of all Persons who purchased or otherwise acquired the common stock of NextLevel on the open market from July 25, 1997 through October 15, 1997, inclusive. Excluded from the Settlement Class are Defendants, members of their immediate families and their legal

representatives, heirs, successors, or assigns, and any entity in which Defendants have or have had a controlling interest. The Settlement Class also excludes any Person who received NextLevel common stock in connection with the spin-off from General Instrument Corporation on or about July 25, 1997, unless said Person would otherwise be a Member of the Settlement Class due to open market purchases or acquisitions of NextLevel common stock during the Class Period. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice.

3. The Stipulation is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class, and the Settlement Class Members and the Settling Parties are directed to consummate the Stipulation in accordance with its terms and provisions.

4. The Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against Defendants.

5. Plaintiffs and Members of the Settlement Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Settled Claims against any of the Released Parties. The Settled Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

6. Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Settled Defendants' Claims against any of the plaintiffs, Settlement Class Members, their attorneys or other Defendant(s). The Settled Defendants' Claims are hereby compromised,

settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

7. The Plan of Allocation is hereby approved as fair, reasonable and adequate, and in the best interests of the Settlement Class.

8. Neither the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

a. Construed as or deemed in any judicial, administrative, arbitration, mediation or other type of proceedings, to be evidence of a presumption, concession or an admission by any of the Released Parties of the truth of any fact alleged or the validity of any claim that has been, could have been or in the future might be asserted in the Complaint, or otherwise against the Released Parties, or of any purported liability, fault, wrongdoing or otherwise of the Released Parties; or

b. Offered or received in evidence in any judicial, administrative, arbitration, mediation or other type of proceeding for any purpose whatsoever including, but not limited to, as a presumption, concession or an admission of any purported liability, wrongdoing, fault, misrepresentation or omission in any statement, document, report or financial statement heretofore or hereafter issued, filed, approved or made by any of the Released Parties or otherwise referred to for any other reason, other than for the purpose of and in such proceeding as may be necessary for construing, terminating or enforcing the Stipulation, except that the Settling Parties may file the Stipulation and/or this Order and Final Judgment in any action that may be brought against them in order to support a defense, counterclaim or cross-claim, if any, based on principles of <u>res judicata</u>,

4

collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or similar defense, counterclaim or cross-claim; or

  c. Construed as a concession or an admission that the Representative Plaintiffs or the Settlement Class have suffered any damage; or

  d. Construed as or received in evidence as an admission, concession or presumption against the Representative Plaintiffs or the Settlement Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

  9. Plaintiffs' Counsel are hereby awarded __33.33__ % of the Gross Settlement Fund, as attorneys' fees, which sum the Court finds to be fair and reasonable, and $ __103,294.54__ in reimbursement of expenses, which shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate as was earned by the Settlement Fund. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates each of Plaintiffs' Counsel for their respective contributions in the prosecution of the Litigation.

  10. Exclusive jurisdiction is hereby retained over the Settling Parties and the Settlement Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment.

  11. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

12. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED: March 14, 2001.

_____
UNITED STATES MAGISTRATE JUDGE